UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRELL JENKINS,

Plaintiff,

-against-

ANTHONY ANNUCCI, et al.,

Defendants.

25-CV-7478 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On November 17, 2025, pursuant to this Court's Order at ECF No. 9, the Office of the New York State Attorney General served on Plaintiff the identity of the Deputy Superintendents of Administration and Security at Sing Sing Correctional Facility in October 2022. *See* ECF No. 11. Plaintiff SHALL file his amended complaint, naming the newly identified individual defendants he wishes to add to the lawsuit, by no later than **December 19, 2025**. The amended complaint will replace, not supplement, the original complaint. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants. An amended complaint form is attached to this Order, together with Plaintiff's original Complaint for his reference.

The Court respectfully directs the Clerk of Court to mail a copy of this Order and the letter at ECF No. 11 to Plaintiff.

Dated: November 20, 2025
New York, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been
assigned)

-against-

**COMPLAINT**

(Prisoner)

_____

_____

_____

Do you want a jury trial?
☐ Yes     ☐ No

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                 Middle Initial               Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 2:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 3:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

Defendant 4:

First Name     Last Name     Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City     State     Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TERRELL JENKINS,

                PLAINTIFF,

        V.

Anthony Annucci, Comm. (now retired)
Michael Capra, Supt., John Doe (1), D.S.A.,
John Doe (2), D.S.S., Alverado, SGT.,
C.O. R. Franklin, C.O. J. Reyes,
In their Official, and Individual Capacities
               DEFENDANTS,

---

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §
1983

CASE NO. **25 CV 7478**

Plaintiff Demand Jury Trial

## JURISDICTION

1)    This is a civil action seeking relief and for damages to defend
Protect the rights guaranteed by the constitution of the United States.
This action is brought pursuant to 42 U.S.C. § 1983. The Court has
Jurisdiction over this action pursuant to 28 U.S.C. § 1343(3) and (4)and
2201

## PARTIES

2)    Plaintiff: Terrell Jenkins,  14-A-2803
Address: Eastern Corr. Fac., P.O. Box 338
Napanoch, New York  12458-0338

3)   A) Defendant: Anthony Annucci
Official Position NYS DOCCS Commissioner
The Harriman State campus
1220 Washington Ave.,
Albany, New York  12226-2050

RECEIVED
SDNY PRO SE OFFICE
2025 SEP -9 PM 1:48

1

B) Defendant: Michael Capra
Superintendent of Sing Sing Corr. Fac.,
Address: 354 Hunter Street
Ossining, New York 10562

C) Defendant: John Doe (1)
Official Position: Deputy Supt., of Admin.,
Sing Sing Corr. Fac.,
354 Hunter Street
Ossining, New York 10562

## ADDITIONAL DEFENDANTS

D) Defendant: John Doe (2)
Official Position: Deputy Supt. of Security
Sing Sing Corr. Fac.,
354 Hunter Street
Ossining, New York 10562

E) Defendant:  Alvarado, Sgt.
Official Position: Sergeant
Sing Sing Corr. Fac.,
Address: 354 Hunter Street
Ossining, New York 10562

F) Defendant: R. Franklin,
Official Position: Correction Officer
Sing Sing Corr. Fac.,
354 Hunter Street
Ossining, New York 10562

G) Defendant: J. Reyes,
Official Position: Correction Officer
Sing Sing Corr. Fac.,
354 Hunter Street
Ossining, New York 10562

2

4) PLACE OF PRESENT CONFINEMENT
a. Is there a prisoner grievance procedure at this facility?
[YES]
b. If your answer on 4A is YES, did you present the facts
relating to your complaint in this grievance program?
[YES]

If your answer to 4B is YES,

(i) What steps did you take? I grieved that on the morning of
October 13, 2022, while returning from the mess hall at 7:15
am., I was surround by (3) assailants and attacked on 'N
gallery'. (See ex "C" 1, Grievance dated 11-2022)

(ii) What was the result of your grievance? Grievance denied.
Investigation reveals there is a well-documented unusual
incident Report on file surrounding this incident. Efforts are
made to Ensure all incarcerated individuals are safe, however,
unfortunate incidents happens, as in this case. Grievant seen
by medical and further followed up by mental health staff
during rounds. (See ex "C" 1- c-3, grievance, supt. response,
and care
Decision).

5) PREVIOUS LAWSUITS

a.  Have you filed other lawsuits in state or federal court
relating to your imprisonment?
[NO]

6) FACTS

On this particular morning, October 13, 2022, petitioner chose To go to
breakfast (chow) prior to starting my laundry porter duties, But during that,
moment petitioner took notice how the assigned female gallery officer, J. Reyes
who had let us out for chow, who also controlled the movement on the gallery, was

3

nowhere to be seen, not on her post, and didn't even clear the gallery before leaving her post, unlike what was commonly done by steady Officer Camron.

On this same morning, October 13, 2022, petitioner re-call wanting to retain the laundry duffle bag from the gallery supply cell next to the office before heading to the mess-hall that morning for breakfast meal. Upon returning, heading back to my cell location at N-73 cell, I re-call again, how I still did not see C.O. J. Reyes, who was the assigned gallery officer. But yet I'd notice several I/I's on the gallery who did not go to a.m. breakfast, and some who didn't even lock on the gallery at all, just hanging out, fraternizing among others in front of I/I's cells that were locked in and didn't attend chow.

On October 13, 2022, as Petitioner reached the square of N-Gallery control box, at around N-44/45 cell, an area which allowed staff, and authorized I/I's to cross over to the opposite side, which is particularly the front-side in "A" block, along with the ability to access the gated stairwell there. The front-side is called J-gallery on this particular level, I may add. At this time I'd notice the assigned C.O. J. Reyes, who had the gallery, standing between the two (2) galleries (J & N), holding the stairwell gate open for others, secretively conversing with the J-gallery laundry porter, the porter who'd played a significant role in luring me into the ambush that morning in the rear section of N-Gallery, close to the cell I locked in N-73 cell. Here, I observed quite a few I/I's hanging out, fraternizing among others locked in their cells, wearing rubber latex gloves, furtively obtained to gain privilege at being able to move around the galleries freely in the pretense of being a gallery clean-up porter's. At this time, I asked C.O. J. Reyes, the assigned gallery officer, for the laundry duffle bag from the locked supply cell there on N-gallery, which is required, for me to attend to my laundry porter duties, still at no perceivable moment did C.O. J. Reyes make any real attempts to clear and control her gallery. Soon after I'd attain the laundry duffle bag from the supply cell, the J-side gallery laundry porter, cunningly insisted how he needed to follow me back to my cell to acquire a laundry log-sheet from me to document who, and from which cell chose to send laundry out on J-Gallery, a laundry log-sheet I am sure he'd already acquired the night before from the officer that was just downstairs on the front side of where he locked, who'd brought me up over a dozen copies. To clarify exactly what he had meant, he displayed to me a copy in his hand, right there before C.O. J. Reyes, as they stood between the J & N galleries. This same porter adamantly insisted how he needed to accompany me back to my cell to attain these laundry log-sheet, even after I'd told him no, how I would bring him back a few copies, right in front of C.O. J. Reyes, hoping that she would intervene,

4

and assent, but she just stared at me, and said nothing. Here it clearly shows what was being orchestrated to take place that same morning. October 13, 20022, C.O. J. Reyes clearly knew something was going to happen, and knew that I could or would be attacked, and did nothing to prevent it from happening, instead, let the J-side gallery porter insist on following me back to my cell.

7)                          CAUSES OF ACTIONS
                          FIRST CAUSE OF ACTION

Defendant, Anthony Annucci, was the acting commissioner for New York State Department of Corrections Community Supervision, and in general, Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 114 S. ct 1970 (1994) (citation omitted). Although, defendant, Annucci was not personally involved in the incident, but he was in charge of the State Correctional Facility, there for he is liable for the assault that took place. No weapon should be in the hands of other I/I's, especially when all I/I's entering the state are searched.

The eighth Amendment does not require "comfortable prisons" it does require that prison officials "must take reasonable measures to guarantee the safety of the inmates..." Farmer v. Brennan, 511 U.S. 825,832, 114 S. ct. 1970 (1994) quoting Hudson v. Palmer, 468 U.S. 517, 527, 104 S. ct. 3194(1984); see also Gaston v. Coughlin, 249 F.3d 156, 164 (2d. cir. 2001). However, not "every injury suffered by one prisoner at the hands of another ...translates into constitutional liability for prison officials" at a facility. Farmer, 511 U.S. at 834, 114 S.ct. 1970; see also Gasten, 249 F.3d at 164. Instead, the failure to protect an inmate only violates the constitution when prison officials act with act with "deliberate indifference." Farmer, 511 U.S. at 834, 114 S. ct 1970; see also Gasten "Supra" 249 F. 3d at 164.

To meet the deliberate indifference standard which embodies both an objective and subjective prong Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d cir. 1996). Objectively, the deprivation must be "sufficiently serious" meaning the prison condition posed "a substantial risk of serious harm." Farmer, 511 U.S. at 834, 114 S. ct. 1970; Hathaway, 99 F. 3d at 553. Subjectively, the prison official must act with a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834, 114 S. ct. 1970; Hathaway, 99 F. 3d at 553. Such culpability exists when an official has knowledge that an I/I faces a substantial risk of serious harm and he disregards that

5

risk by failing "to take reasonable measures to abate the harm <u>Hayes v. N.Y.C.</u> <u>Dept. of Corr.</u>, 84 F.3d 614, 620 (2d cir. 1996) (Citing <u>Farmer</u>, 511 U.S. at 847, 114 S. ct. 1970) Plaintiff "must allege action or omissions sufficient to demonstrate deliberate indifference, mere negligence will not suffice" <u>Hayes</u>, 84 F. 3d at 620.

In other words, for plaintiff to state a claim for deliberate indifference base on failure to protect him, he must allege that corrections officers knew of and disregarded a particular risk to his safety. <u>Zimmerman v. Macomber,</u> 95 civ-0882, 2001 WL 946383 at (S.D.N.Y. August 21, 2001). Here, most certain prison officials knew of his disciplinary background, yet still allowed him to work as a porter in a meritorious housing area. Defendants Anthony Annucci, the Commissioner, Michael Capara, the Superintendent, of Sing-Sing Correctional Facility, Deputy Supt. of Admin., John Doe(1), Deputy Supt. of Security John Doe(2), Sgt. Alvarado, C.O. J. Reyes, the gallery officer, and C.O. R. Franklin. These defendants knew of this incarcerated individuals background, and institutional records, but allowed him to work as a porter in the housing area.

Wherefore, these defendants knew of this incarcerated individuals background, and disciplinary record but took no reasonable measures to abate the harm. <u>Hayes v. N.Y.C. Dept. of Corr.,</u> 84 F .3d 614, 620(2d cir.1996) (Citing Farmer 511 U.S. at 847, 114 S. ct. 1970). These defendants knew that objectively the everyday prison life in a maximum-security facility "A," is sufficiently serious "meaning the prison conditions posed a substantial risk of serious harm." <u>Farmer,</u> 511 U.S. at 834, 114 S.ct. 1970; Hathaway 99 F.3d at 553. Subjectively, the Correctional Officer, J. Reyes must act with a "sufficiently culpable state of mind." <u>Farmer,</u> 511 U.S. at 1970; Hathaway, 99 F.3d at 553. Here, C.O. J. Reyes had knowledge that an I/I faced a substantial risk by failing to take reasonable measures to abate the harm. <u>Hayes v. Supra,</u> 84 F.3d 614, 620 (2d cir. 1996) <u>Farmer supra,</u> 511 U.S. at 847)

To be clear, A prisoner's claim for failure to protect invokes the eighth amendment, and thereby comes in the purview of §1983. See <u>Farmer v. Brennan,</u> 511 U.S. 825, 832, 114 S. ct. (1994)(Citing <u>Rhodes v. Chapman,</u> 452 U.S. 337,349, 101 S. ct. 2392 (1981) and <u>Helling v. Mckinney,</u> 509 U.S. 25, 31, 113 S. ct. 2475 (1993)). The eighth amendment impose a duty on prison officials to "take reasonable measure to guarantee safety of the inmates." id. at 832, 114 S.ct. 1970(

6

citing Hudson v. Palmer, 468 U.S. 517, 526-27, 104 S.ct. 3194, (1984); In particular a prison official has a duty to protect prisoners from violence from other prisoners. See id. at 825,114 S.ct. 1970. While prison conditions may be harsh being violently assaulted in prison simply is not "part of the penalty that criminal offenders pay for their offenses against society." id, at 833, 114 S. ct. 1970. However, not every assault by a fellow prisoner translates into a constitutional violation. Id. at 834, 114 S. ct. 1970. Rather a prisoner must first show that he was "incarcerated under conditions posing a substantial risk of serious harm." Id. at 827, 114 S. ct. 1970. It is also settled that a prison official showed "deliberate indifference" to the prisoner's health or safety. Deliberate indifference exists where "the officer knows of and disregards an excessive risk to inmates health or safety; the official must be aware of fact from which the interference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. 511 U.S. at 837, 114 S.ct. 1970.


     Taken together, Jenkins complaint, with supporting documents as evidence, does support the element of deliberate indifference for failure to protect claim.


8)                             PRAYER FOR RELIEF


     WHEREFORE, Plaintiff requests that this court grant the following relief.

9) A declaration that the acts and omission described herein violated plaintiff's rights under the constitution and law of the United States.

10) Compensatory damages in the amount of $5,000,000 against each defendant, jointly and severally.

11) Punitive damages in the amount of $ 1,000,000 against each defendant.

12) A jury trial on all issues triable by jury.

13) Plaintiff's costs in this suite.

7

14) Any additional relief this court deems just, proper and equitable I declare under penalty of perjury that the foregoing is true and correct.

Date: September  2, 2025

Sworn to before me
this 2nd day September 2025

Respectfully Submitted,

Terrell  Jenkins

KIM A FRANCOIS
Notary Public - State of New York
No. 01FR6313861
Qualified in Sullivan County
My Comm. Expires Oct. 27, 2026

cc./file
*Hon. Letitia James, Esq.*
*NYS Attorney General*
*Department of Law*
*The Capitol, P.O.Box7341*
*Albany, NY 12224-0341*

8

# EXHIBIT
# A

```
PAGE   1                      STATE OF NEW YORK                PRINTED AT
            DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION    10/21/22  02:23 PM
                         UNUSUAL INCIDENT REPORT
```

SING SING GENERAL                  ██████████████████████████████████

INCIDENT DATE   10/13/22   TIME 07:54 AM   LOCATION   GALLERY      0A NN

TELEPHONE DATE   10/13/22   TIME 01:33 PM

    PERSON CALLING        LT     D. MONTGOMERY
    PERSON RECEIVING      LT     JOHN CONKLIN

REPORT DATE      10/21/22     PERSON REPORTING LT     J. MCMORROW

    USE OF FORCE   NO        WEAPON USED   YES      WORKPLACE VIOLENCE   NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ASSAULT                 (02) 01
 ON INCARCERATED INDIVIDUAL

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DESCRIPTION:

CO. R. FRANKLIN OBSERVED ██████████████████████████ AND
████████████████████████ STRIKING I/I JENKINS, T 14A2803
GP-0A-NN-73S WITH CLOSED FIST PUNCHES AND KICKS. I/I ████████ WAS
ALSO MAKING SLASHING MOTIONS TOWARD I/I JENKINS. CO. J. REYES UTILIZED
HER PAS TO CALL FOR ASSISTANCE. CO. REYES AND CO. FRANKLIN DIRECTED
I/I ████████ AND I/I ████ TO STOP THEIR ASSAULT AND THEY BOTH RAN TO
THEIR CELLS. SGT. A. ALVARADO WAS NOTIFIED AND RESPONDED.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

EVENTS CAUSING:

C.O. FRANKLIN OBSERVED INCARCERATED INDIVIDUAL ██████████████
████████████ AND INCARCERATED INDIVIDUAL J████████████████████
████████ ASSAULTING INCARCERATED INDIVIDUAL JENKINS, T. DIN-14A2803
GP-HBA-N-87 WHO WAS ON THE GALLERY FLOOR. ████████ WAS ALSO MAKING
SLASHING MOTIONS TOWARD JENKINS. C.O. REYES CALLED FOR ASSISTANCE.
████████ AND ████ WERE ORDERED TO STOP AND BOTH RAN TO THEIR CELLS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A1

PAGE   2                        STATE OF NEW YORK                    PRINTED AT
              DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION       10/21/22  02:23 PM
                          UNUSUAL INCIDENT REPORT


SING SING GENERAL                     ████████████████████████████████████


INCIDENT DATE   10/13/22   TIME 07:54 AM  LOCATION  GALLERY      0A NN

    USE OF FORCE   NO       WEAPON USED  YES    WORKPLACE VIOLENCE  NO
*********************************************************************************

ACTION TAKEN:

   ALL INVOLVED I/I WERE ESCORTED TO THE FACILITY CLINIC. I/I JENKINS WAS
   EXAMINED BY RN A. AKARUMEH WHO NOTED, ████████████████████████████████
   ████████████████████████████████████
   ██████████████████████████████████  RN AKARUMEH DETERMINED
   THAT THE LACERATIONS WERE CONSISTENT WITH A ████████████████████
   I/I JENKINS WAS TRANSPORTED TO MT. VERNON HOSPITAL VIA STATE VAN
   WHERE HE RECEIVED ████████████████████████  I/I JENKINS WILL BE
   ADMITTED TO THE INFIRMARY UPON HIS RETURN TO THE FACILITY. I/I
   WAS EXAMINED BY RN AKARUMEH, WHO NOTED NO INJURIES. I/I
   WAS CONFINED TO ██████████  ████████████████████████████
   ██████████████  I/I ██████████  WAS EXAMINED BY RN AKARUMEH, WHO
   NOTED NO INJURIES. I/I █████  WAS RETURNED TO HIS CELL. SGT. ALVARADO'S
   INVESTIGATION DETERMINED THAT I/I ██████████ AND I/I ██████████ ASSAULTED
   I/I JENKINS WITH KICKS AND PUNCHES. I/I JENKINS DID NOT FIGHT BACK.
   I/I ██████████ THEN ASSAULTED I/I JENKINS WITH AN UNRECOVERED CUTTING
   INSTRUMENT. SGT. ALVARADO DIRECTED STAFF TO SEARCH THE INCIDENT AREA
   FOR WEAPONS, NO WEAPON WAS RECOVERED. SGT. ALVARADO AUTHORIZED
   THE SEARCH OF CELL 0A-NN-73S, CELL 0A-NN-86S, AND CELL 0A-NN-87S, NO
   CONTRABAND WAS RECOVERED. ALL PERTINENT DOCUMENTS AND PHOTOGRAPHS
   SUBMITTED. OD CAPT. NIXON WAS NOTIFIED.



*********************************************************************************

MEDICAL REPORT:

   INCARCERATED INDIVIDUAL JENKINS WAS EXAMINED AND ████████████████████████
   ████████████████████████████  JENKINS WAS SENT TO MOUNT VERNON HOSPITAL
   BY STATE VAN WHERE HE RECEIVED ██████████████████████████████████  TO
   CLOSE THE LACERATIONS. INCARCERATED INDIVIDUAL ██████████ WAS EXAMINED AND
   NO INJURY WAS NOTED. INCARCERATED INDIVIDUAL █████ WAS EXAMINED AND NO
   INJURY WAS NOTED.

   A. AKARUMEH           /NURSE                      10/13/22  08:05 AM
          EXAMINER NAME/TITLE                          EXAM DATE/TIME



*********************************************************************************

A2

```
PAGE    3                       STATE OF NEW YORK              PRINTED AT
             DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION   10/21/22  02:23 PM
                           UNUSUAL INCIDENT REPORT
```

SING SING GENERAL                █████████████████████████████████

INCIDENT DATE    10/13/22   TIME 07:54 AM   LOCATION   GALLERY        QA NN

    USE OF FORCE  NO          WEAPON USED  YES      WORKPLACE VIOLENCE  NO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PROPERTY DAMAGE:

  NO PROPERTY DAMAGED.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOTIFICATION (FAMILY):

  NO NOTIFICATION REQUIRED.

NOTIFICATION (POLICE/OTHER):

  NO NOTIFICATION REQUIRED.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
                           INMATE INFORMATION:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JENKINS, TERRELL                      14A2803   DOB 04/07/1966 ETHNIC- BLACK

  GEN INCIDENT - SPECIFIC INCIDENT    ROLE     WEAPON      FORCE        INJURY
  ASSAULT       - ON I/I              VICTIM                             LACERATION
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

███████████████                ████████████████████   ETHNIC- BLACK

  GEN INCIDENT - SPECIFIC INCIDENT    ROLE     WEAPON      FORCE        INJURY
  ASSAULT       - ON I/I              PERP     BODY USE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

████████████████                ████████████████   ETHNIC- BLACK

  GEN INCIDENT - SPECIFIC INCIDENT    ROLE     WEAPON      FORCE        INJURY
  ASSAULT       - ON I/I              PERP     UNR/CUTTNG

A.3

```
PAGE    4                    STATE OF NEW YORK              PRINTED AT
             DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION   10/21/22  02:23 PM
                          UNUSUAL INCIDENT REPORT
```

SING SING GENERAL                ████████████████████████████
                                 ████████████████████████████

INCIDENT DATE    10/13/22   TIME 07:54 AM   LOCATION   GALLERY      0A NN

        USE OF FORCE   NO        WEAPON USED   YES      WORKPLACE VIOLENCE   NO

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦
                          EMPLOYEE INFORMATION:
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

AKARUMEH, ████████           NURSE

    GEN INCIDENT - SPECIFIC INCIDENT
    ASSAULT      - ON I/I
✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

FRANKLIN, ██████           CO

    GEN INCIDENT - SPECIFIC INCIDENT
    ASSAULT      - ON I/I

JAMES, ████████           SGT

    GEN INCIDENT - SPECIFIC INCIDENT
    ASSAULT      - ON I/I
✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

REYES, ████████           CO

    GEN INCIDENT - SPECIFIC INCIDENT
    ASSAULT      - ON I/I
✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

ALVARADO, ████████           SGT

    GEN INCIDENT - SPECIFIC INCIDENT
    ASSAULT      - ON I/I

✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶✶

    SPT MICHAEL CAPRA                                10/21/22
    SUPERINTENDENT                                   DATE

                                                                    A4

FORM 1595 (11/11)        STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**INMATE INJURY REPORT**

| Facility | Date of Injury | Time of Injury | Location Injury Occurred |
|---|---|---|---|
| SSCF | 10/13/22 | 07:54A | N-gally - North |

| Inmate Name | DIN | Housing Location |
|---|---|---|
| Jenkins | 14A2803 | N-73 |

**What was cause of Inmate's injury?**
Alleged Assault by I/I / three Man fight

**Inmate's Statement:**
I WAS INFORMED HOW I WAS BEING JUMP FOR MY LAUNDRY PORTER JOB

Inmate's Signature _(signed)_   Date 10/13/22

**Witnesses:** SGT. S. GREGORY   SERGEANT _(signed)_

**Reporting Employee:** SGT. S. GREGORY   Title _(signed)_

**FACILITY HEALTH SERVICES REPORT**

Date injury reported: 10/13/22   Time: 08:05 AM

**Description of injury:** pt has two lacerations to left side of head approx 1/4 in x 1/4 in; abrasions to right knee approx 3/4 x 3/4 in and abrasion to right back elbow approx 1/4 x 1/4 in. Laceration consistent with cutting in treatment.



FRONT   BACK

OD (Right)
OS (Left)

| Date of medical examination: 10/13/22 | Time: 08:05A |
|---|---|

**Services Provided:** pt injuries clean with normal saline and bandage, sent to MVH by state van. T 97.7 P-82 R16 B/P 120/72 SPO2 98%

| Was inmate admitted to facility infirmary? | Outside hospital? If yes where? | PCP on site evaluation? | Telemed evaluation? |
|---|---|---|---|
| ☐ Yes ☑ No | ☑ Yes ☐ No  MVH | ☐ Yes ☑ No | ☐ Yes ☑ No |

Name and title of person furnishing treatment at facility: A Cramer #1

Signature _(signed)_   Print: A Cramer #1   Title: RN

This form is to be forwarded to the Fire & Safety Officer within 24 hours for review and filing.
* Attach a memorandum if additional information is needed for the description of injury.

A5

# EXHIBIT
# B



10/18/22

JenKins, T   N73

14 A2803

"B" 1







10/18/22
JENKINS, T  N73
14 A 2803

"B 2"

# EXHIBIT C

FORM 2131E (9/12)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## INMATE GRIEVANCE COMPLAINT

(50)

Grievance No. 1300-22

Sing Sing _____ CORRECTIONAL FACILITY

Date: 11-2-22

Name: Terrell Jenkins _____ Dept. No. 14a2803  Housing Unit: SPC-3-211

Program: _____ AM _____ PM

**(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)\***

Description of Problem: (Please make as brief as possible) ON THE MORNING OF OCTOBER 13TH 2022 RETURNING FROM THE MESS HALL AT AROUND 07:00AM, I WAS SURROUNDED BY 3-ASSAILANTS AND ATTACKED ON "N" GALLERY FEET FROM N-73 WHERE I LOCKED. MY PATH WAS BLOCKED, WHERE ONE STATED, "I WANT THAT JOB", TWICE. WITHIN SECONDS; CONTEMPLATING HOW TO RE-ACT UPON SUCH REQUEST, I WAS SUCKER PUNCHED FROM DIFFERENT DIRECTION, UNTIL I FELL TO MY KNEES WHERE I WAS 'CUT' ON THE LEFT SIDE OF MY HEAD MOVING TO AVOID BEING CUT IN MY FACE. I WAS CONTINUOUSLY KICKED IN MY HEAD, FACE, AND BACK THE UNTIL STAFF ARRIVED. MY FEAR BECAME MY REALITY WHERE CARE, CUSTODY, AND CONTROL WOULD BE COMPROMISED.

Grievant Signature: _Terrell Jenkins_

Grievance Clerk: _____ Date: _____

Advisor Requested  ☐ YES  ☐ NO  Who: _____

Action requested by inmate: ① ENHANCE SECURITY MEASURES TO PREVENT FUTURE ASSAULTS. ② MONETARY DAMAGES RECOMPENSE FOR THE PREVENTABLE, UNDUE PAIN AND SUFFERING I HAD TO ENDURE. ③ MEDICAL ATTENTION FOR MENTAL, PSYCHIATRIC, ANXIETY EXPERIENCE I'D SUFFERED DISABLING ME TO SLEEP AT NIGHT.

The Grievance has been formally resolved as follows:

RECEIVED

NOV 0 2 2022

SING SING I.G.P.

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____  Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
\* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

"C"1

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO.<br>SS-1300-22 | | DATE FILED<br>11/16/22 |
|---|---|---|---|
| | FACILITY<br>SING SING | | POLICY DESIGNATION<br>Institutional |
| INCARCERATED GRIEVANCE PROGRAM | TITLE OF GRIEVANCE<br>Miscellaneous | | CASE CODE<br>50 |
| SUPERINTENDENT RESPONSE | SUPERINTENDENT'S SIGNATURE | | DATE 1/11/23 |
| GRIEVANT<br>Jenkins, T | | DIN<br>14A2803 | HOUSING UNIT<br>HBC |

Grievant states security measures should be enhanced as a result of the injuries he sustained on the gallery by other incarcerated individuals. Grievant further states, he should receive monetary damages for the pain and suffering.

Grievance Denied. Investigation reveals there is a well documented unusual incident on file surrounding this incident. Efforts are made to ensure all incarcerated individuals are safe, however, unfortunate incidents happens, as in this case. Grievant seen by medical and further followed up by mental health staff during rounds.

---

**APPEAL STATEMENT**

If you wish to appeal the above decision of the Superintendent, please sign below and return this copy to the IGRC at the facility where the grievance was filed. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please provide a reason why you are appealing this decision to CORC.

I WAS INJURED ONLY BECAUSE STAFF DOES NOT LOCK PRISONER'S IN THEIR CELLS AFTER RETURNING FROM MEALS, THEREBY AFFORDING THEM OPPORTUNITIES TO ASSAULT OTHER PRISONER'S.

_____                     1/18/23
GRIEVANT'S SIGNATURE                              DATE

_____
GRIEVANCE CLERK'S SIGNATURE                       DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)

Form 2133 (12/21)

"C"2

Mr. Terrell Jenkins #14A-2803
Eastern N.Y. Correctional Fac
30 Institution Rd., P.O. Box 338
Napanoch, N.Y. 12458-0338.

United States District Court
Southern District of New York
Attn: Pro se intake unit
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street Room 200
New York, N.Y. 10007-1312

SDNY PRO SE OFFICE
RECEIVED
2025 SEP -9 PM 1:48

EASTERN
NEOPOST
09/04/2025
US POSTAGE $0C

CORRECTIONAL FACILITY

USM ap SDNY